IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE LEE MONTGOMERY, #121 219, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:14-CV-510-MEF [WO] |
| KIM TOBIAS THOMAS, *et al.*, | ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility, filed an application for leave to proceed *in forma pauperis* on June 26, 2014. *See* 28 U.S.C. § 1915(a). Under the provisions of 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]  28 U.S.C. § 1915(g).

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

**I. DISCUSSION**

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous or malicious, for failure to state a claim, and/or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of § 1915(g) are as follows: (1) *Montgomery v. Hetzel, et al.*, Civil Action No. 2:07-CV-2074-JHH (N.D. Ala. 2008); (2) *Montgomery v. Prison Health Services, Inc., et al.*, Civil Action No. 2:07-CV-2129-SLB (N.D. Ala. 2009); and (3) *Montgomery v. Lawson, et al.*, Civil Action No. 2:12-CV-197-WHA (M.D. Ala. 2012).

"General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.,* 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006) (citing *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Id*. (citing *Martin, supra,* and *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998) (internal quotations omitted). The "imminent danger" exception is available "for genuine emergencies," "where time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002)

The court has carefully reviewed the claims in the instant action. Even construing all

allegations in favor of Plaintiff, his claims do not entitle him to avoid the bar of § 1915(g) because they do not allege nor indicate that he was "under imminent danger of serious physical injury" when he filed this cause of action as required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Based on the foregoing, the court concludes that Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice for Plaintiff's failure to pay the requisite filing and administrative fees upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by Plaintiff (*Doc. No. 4*) be DENIED;

2. This case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing and administrative fees upon the initiation of this case.

It is further

ORDERED that **on or before July 15, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar Plaintiff from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 1st day of July, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE